# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JENNIFER HICKMAN, | |
| Plaintiff, | CIVIL COMPLAINT |
| v. | |
| SEQUIUM ASSET SOLUTIONS, LLC, | CASE NO. 2:21-cv-00125 |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff JENNIFER HICKMAN ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of SEQUIUM ASSET SOLUTIONS, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Northern District of Indiana and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Northern District of Indiana.

## PARTIES

4. Plaintiff is a consumer over 18-years-of-age residing in Porter County, Indiana, which is located within the Northern District of Indiana.

5. Defendant is a third-party debt collector organized under the laws of the state of Georgia, with its principal place of business located at 1130 Northchase Parkway, Suite 150, Marietta, Georgia, 30067. Defendant's registered agent is located at 200 Byrd Way, Suite 205, Greenwood, Indiana, 46143. Defendant regularly collects upon consumers located across the State of Indiana.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon an outstanding consumer debt ("subject debt") that Plaintiff allegedly owed to Comcast.

8. Upon information and belief, after Plaintiff's purported default with Comcast, the subject debt was subsequently turned over to Defendant for collection purposes.

9. In early 2021, Plaintiff began receiving calls to her cellular phone, (219) XXX-9873, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular telephone ending in -9873. Plaintiff is and always has been financially responsible for the telephone and its services.

11. Defendant has used a variety of phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to (312) 392-5929 and (312) 535-6842.

12. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its debt collection activities.

13. Upon speaking with Defendant, Plaintiff was informed that Defendant was attempting to collect upon the subject debt.

14. Plaintiff informed Defendant's representatives that she was not responsible for the subject debt, and demanded that Defendant stop calling her.

15. Plaintiff has even reiterated these demands during subsequent phone calls with Defendant, including on or about March 16, 2021.

16. In defiance of Plaintiff's requests, however, Defendant has continued to place repeated phone calls to Plaintiff's cellular phone through the filing of this action.

17. Plaintiff's multiple efforts to quell Defendant's contacts have been ineffective, and seeing no end to Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

18. As a result of Defendant's actions, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

19. Plaintiff has been unfairly treated and harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, stress, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though full set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has also been a member of the Association of Credit and Collection Professionals ("ACA") since 2009.[1]

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.  Violations of the FDCPA, §1692c(a)(1) and d

26. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

27. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop calling.  Defendant continued to place repeated phone calls to Plaintiff's cellular phone with the hopes that the sustained pressure would cause Plaintiff to succumb to Defendant's efforts and remit payment.  This repeated behavior of systematically calling Plaintiff's cellular phone, in spite of her demands, was harassing and abusive.  The frequency and volume of

---

[1] http://www.acainternational.org/search#memberdirectory

calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

28. Defendant was notified by Plaintiff that its calls were not welcomed and that she was feeling harassed.  As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### b.  Violations of FDCPA, § 1692e

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

31. Defendant violated §1692e and e(10) when it used false and deceptive means to collect and/or attempt to collect the subject debt.  Even though Plaintiff notified Defendant that she did not owe the subject debt and to stop calling on multiple occasions, Defendant blatantly ignored Plaintiff's wishes and deceptively continued to place systematic calls to her cellular phone.

### c.  Violations of FDCPA, § 1692f

32. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff numerous times after being told to stop calling.  Attempting to coerce Plaintiff into payment by placing voluminous phone calls after receiving this

information is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

34. As pled in paragraphs 17 through 20, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff JENNIFER HICKMAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 12th day of April, 2021.   Respectfully Submitted,

 */s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Jennifer Hickman*